# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LARRY D. KERNS, | CASE NO. 3:16-cv-02438-WQH-WVG |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MATHEW J. WENNER; HUGH GAYLORD; EDWARD A. TREACY; THOMAS SARNECKI; GEORGE TEDESCHI; CHARLES KAMEN; and JOHN D. BACHLER, | |
| Defendants. | |

HAYES, Judge:

The following matters are before the Court: 1) motion for exclusion of Employee Retirement Income Security Act rules and regulations filed by Plaintiff (ECF No. 44); 2) motion to include Lincoln Financial Group as a defendant and increase the monetary relief requested to $15,000,000 filed by Plaintiff (ECF No. 59); 3) motion to include civil mail fraud filed by Plaintiff (ECF No. 66); 4) motion to strike Plaintiff's motion to include civil mail fraud filed by Defendant Mathew J. Wenner (ECF No. 67); 5) motion for the entry of default against Lincoln Financial Group filed by Plaintiff (ECF No. 69); and 6) request for the Court to issue an order filed by Plaintiff (ECF No. 71).

**Background**

On September 28, 2016, Plaintiff Larry D. Kerns initiated this action by filing a complaint against Defendants Mathew J. Wenner, Hugh Gaylord, Edward A. Treacy, Thomas Sarnecki, George Tedeschi, Charles Kamen and John D. Bachler. (ECF No. 1).

Plaintiff seeks $3,000,000, in punitive damages, for alleged ADA and mail fraud violations in relation to the management of a retirement plan covered by ERISA. *Id.* at 2-3. In the answer to the complaint, Defendants deny the allegations of the complaint and asset affirmative defenses based upon provisions of ERISA. (ECF No. 10).

**Motion to Exclude All ERISA Rules and Regulations**

Plaintiff contends that ERISA rules and regulations do not apply to claimants "regarding a Civil lawsuit against an individual citizen of the United States of America" after the conclusion of the benefit process. (ECF No. 44 at 3). Plaintiff contends that Defendant bears the burden of showing ERISA's applicability to the current actions. *Id.* Plaintiff contends that ERISA is not applicable in this matter, because the Board of Appeals for the retirement fund described Plaintiff's case to be "unique" in a memorandum addressed to the Plaintiff. *Id.* at 4-7.

Defendant contends that Plaintiff seeks an award of punitive "due to [an] alleged delay in the award of his benefits" under a retirement plan. (ECF No. 49 at 2). Defendant contends that "ERISA provides a comprehensive civil enforcement scheme" and none of the provided remedies "include punitive damages." *Id.*

ERISA provides "a uniform regulatory regime over employee benefit plans" to "'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Healthcare Inc. v. Davila,* 542 U.S. 200, 208 (2000) (quoting 29 U.S.C. § 1001(b). In *Pilot Life Ins. Co. v. Dedeaux*, Supreme Court of the United States held "that ERISA's civil enforcement remedies were intended to be exclusive." 481 U.S. 41, 54 (1987). The Supreme Court held "that the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Id.* at 55-56 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523).

The Court concludes that Plaintiff's allegations relating to damages for delay in

receiving benefits relate to the administration of a plan covered by ERISA. Plaintiff's motion to exclude ERISA rules and regulations is denied.

**Motion to Include Lincoln Financial Group ("LFG") as a Defendant and Adjust Requested Relief from $3,000,000 to $15,000,000**

Plaintiff contends he served a summons "on a piece of the actual defend [sic], Lincoln Financial Group; (such as that individual's hand). No more summons or service is required." (ECF No. 59 at 2). Plaintiff contends he is already "indirectly suing Lincoln." *Id.* Plaintiff contends that if LFG becomes a defendant, then Plaintiff's request for monetary relief should be amended to $15,000,000. (ECF No. 59 at 1).

Defendant contends that "Plaintiff's motion fails to set forth any factual or legal basis for" the inclusion of LFG as a defendant and the increased monetary relief amount. (ECF No. 62 at 2-3). Defendant contends that Plaintiff's motion is procedurally improper pursuant to Local Rule 15.1(b). *Id.* (citing Civ. L. R. 15.1(b)).

After the defendant has filed an answer, a plaintiff may amend a complaint only with "leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). However, Local Rule 15(b) states:

> Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

Civ. L. R. 15.1(b).

Plaintiff's motion to include LFG as a defendant and increase the requested monetary relief to $15,000,000 does not include "a copy of the proposed amended pleading" or "a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading." Civ. L. R. 15.1(b). Plaintiff's motion to include LFG as a defendant and increase the requested monetary relief to $15,000,000 is denied.

**Motion to Include Civil Mail Fraud**

On April 26, 2017, Plaintiff filed a motion to include civil mail fraud as an additional cause of action. (ECF No. 66). On May 16, 2017, Defendant moved to strike the Plaintiff's motion to include civil mail fraud as procedurally improper. (ECF No. 67).

Plaintiff's complaint identifies allegations of mail fraud. (ECF No. 1 at 1). Plaintiff's motion to include civil mail fraud is denied. (ECF No. 66). Defendant's motion to strike Plaintiff's motion to include civil mail fraud is denied as moot. (ECF No. 67).

**Request for Entry of Default Judgment**

Plaintiff filed a motion to request the Court to enter default judgment against LFG. (ECF No. 69). The Court has denied Plaintiff's motion to include LFG as a defendant. LFG is not a party to this proceeding. Plaintiff's motion for an entry of default judgment against LFG is denied.

**Request for Court Order as to Defendant's Counsel**

Plaintiff moved the Court to issue an order requiring defense counsel to "furnish Court and plaintiff with evidence of who his client is and how much liability insurance; that client; has." (ECF No. 72 at 2). Plaintiff contends that the motion premised on "an informal phone conversation; Defence [sic]. Attorney Anderson explained to plaintiff Kerns that he was retained by; his client was; the insurance company Providing liability insurance for defendant Wenner." *Id.* at 3. Plaintiff contends that the insurance agency that hired defense counsel may be a subsidiary of LFG. *Id.* Plaintiff contends that LFG should have been aware of its subsidiary's actions. *Id.*

The Court concludes that Plaintiff has not established a legal or factual basis for the Court to issue an order requiring defense counsel to supply information regarding his client in this matter, or any liability insurance plan the client may posses. Plaintiff's request for a Court order as to Defendant's Counsel is denied.

**Conclusion**

IT IS HEREBY ORDERED that: 1) motion for exclusion of Employee

Retirement Income Security Act rules and regulations filed by Plaintiff is DENIED (ECF No. 44); 2) motion to include Lincoln Financial Group as a defendant and increase the monetary relief requested to $15,000,000 filed by Plaintiff is DENIED (ECF No. 59); 3) motion to include civil mail fraud filed by Plaintiff is DENIED (ECF No. 66); 4) motion to strike Plaintiff's motion to include civil mail fraud filed by Defendant Mathew J. Wenner is DENIED (ECF No. 67); 5) motion for the entry of default against Lincoln Financial Group filed by Plaintiff is DENIED (ECF No. 69); and 6) request for the Court to issue an order filed by Plaintiff is DENIED. (ECF No. 71).

DATED: August 7, 2017

**WILLIAM Q. HAYES**
United States District Judge