# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. KERNS, | CASE NO. 16cv2438-WQH-WVG |
| Plaintiff, | ORDER |
| v. | |
| MATHEW J. WENNER, HUGH GAYLORD, EDWARD TREACY, THOMAS SARNECKI, GEORGE TEDESCHI, CHARLES KAMEN, and JOHN D. BACHLER, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are Plaintiff's motion to rule on all matters (ECF No. 73), motion to reconsider the exclusion of ERISA rules and regulations (ECF No. 80), motion to reduce complaint (ECF No. 83), motion to forfeit his trial by jury (ECF No. 87), motion for entry of default judgment (ECF No. 89), motion for summary judgment (ECF No. 108), motion to reconsider that entry of default judgment be entered against Defendant Wenner (ECF No. 122), motion for forfeiture of case (ECF No. 124), two motions to strike documents from the record (ECF No. 126, 130 ), a supplemental motion to the pending motion for default judgment (ECF No. 132), and two motions to increase the damages alleged in the complaint (ECF Nos. 136, 140).

**I. Background**

On September 28, 2016, Plaintiff Larry D. Kerns initiated this action by filing the complaint against Defendants Mathew J. Wenner, Hugh Gaylord, Edward Treacy,

Thomas Sarnecki, George Tedeschi, Charles Kamen and John D. Bachler.[1] (ECF No. 1). Plaintiff brings causes of action for mail fraud and violation of the Americans with Disabilities Act ("ADA") and seeks $3,000,000 in punitive damages. Plaintiff allegations relate to Plaintiff's benefits under the GCIU-Employment Retirement Fund. *Id.*

**II. Motion to Rule on All Matters (ECF No. 73) and Motion to Forfeit Trial by Jury (ECF No. 87)**

On June 8, 2017, Plaintiff filed a document titled "PLAINTIFF; KERNS; HEREBY; OFFERS TO FORFEIT HIS RIGHT TO A JURY TRIAL; (IF HIS MOTION FOR DEFAULT JUDGMENT IS NOT GRANTED); AND SUBMITS, THIS MOTION: FOR HONORABLE JUDGE HAYS; TO RULE ON; ALL MATTERS; REGARDING THIS CASE. (IF A FEW CONDITIONS; CAN BE APPROVED; BY ALL PARTIES) (Plaintiff; requests a 1 hour hearing; for Judge Hays' and defendant's questions)." (ECF No. 73). Plaintiff states that he will forfeit his right to a jury trial if the Court "relies solely on plaintiff's many filed documents" and any evidence submitted by Defendant to make a ruling, the parties each pay their own legal expenses, and Defendant waives all discovery. (ECF No. 73). On August 21, 2017, Plaintiff filed a second motion which also asserts that Plaintiff will forfeit his right to a jury trial if the following conditions are accepted by Defendant and the Court: (1) the parties waive discovery and the Court rules on whether punitive awards are warranted; (2) each party pays their own legal expenses; and (3) Defendant does not request and is not awarded money from Plaintiff. *Id.* (ECF No. 87 at 4-5). Plaintiff also requests, "that Honorable Judge William Q. Hayes; personally; is judge in this matter." (ECF No. 102).

Plaintiff has not established any legal or factual basis that entitles him to the ruling he seeks. Plaintiff's motions are denied. (ECF Nos. 73, 87).

**III. Motion to Reconsider the Exclusion of ERISA Rules and Regulations (ECF**

---

[1] Defendant Matthew Wenner is the only defendant remaining in this action. Defendants Gaylord, Treacy, Sarnecki, Tedeschi, Kamen, and Bachler were dismissed from this action with prejudice. (ECF No. 39).

No. 80).

On August 14, 2017, Plaintiff filed a motion for reconsideration of the Court's prior Order denying his motion to exclude rules and regulations under the Employee Retirement Income Security Act ("ERISA"). (ECF No. 80). Plaintiff contends that he "previously, made an error; by considering the 'delay in receiving benefits'; statement by defence; so ridiculous that he did not argue the matter and would like to argue that matter; now." *Id.* at 3. Plaintiff contends ERISA is inapplicable to this matter because the Complaint alleges "wanton and willful misconduct; that occurred; DURING a 13 year period of time" rather than a thirteen year delay in receiving benefits. *Id.* at 4.

In opposition, Defendant contends that Plaintiff fails to offer any new facts or law relevant to the Court's previous ruling. (ECF No. 106). Further, Defendant contends that there is no authority to support Plaintiff's position that his claims are exempted from ERISA. *Id.*

Federal Rule of Civil Procedure 60(b) provides that a

> court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992). Civil Local Rule 7.1(i) provides that when a party moves the Court for reconsideration of a prior order, the party must identify "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i).

The Court's prior order stated, "The Court concludes that Plaintiff's allegations relating to damages for delay in receiving benefits related to the administration of a plan

covered by ERISA. Plaintiff's motion to exclude ERISA rules and regulations is denied." (ECF No. 76 at 2-3). In the current motion, Plaintiff fails to identify any new or different facts and circumstances, or any other grounds demonstrating that relief from the Court's prior order is appropriate. Plaintiff's contention that he did not adequately argue a point in a previous motion does not support reconsideration. Further, the Court properly determined that any exclusion of ERISA rules and regulations is inappropriate at this stage in the proceedings. Although Plaintiff brings claims for mail fraud and violation of the ADA, the allegations of the Complaint relate to the administration of a plan covered by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987) ("ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death.") (citing 29 U.S.C. § 1002(1)). The motion for reconsideration is denied. (ECF No. 80).

**IV. Motion to Reduce Complaint Damages (ECF No. 83)**

On August 21, 2017, Plaintiff filed a motion to reduce the damages alleged in the Complaint. (ECF No. 83). Plaintiff asserts, "Plaintiff believes complaint demand amount; has to change; before a Judgement [sic] of Default; can be Granted; under Federal Law; at this time. Therefore, plaintiff; is willing and happy to lower demand Amount to 2.9 million dollars; in his efforts; for a Judgement of Default; by Judge Hays." *Id.*

The Court has previously denied multiple requests for entry of default judgment by the Plaintiff because Defendant Wenner filed an answer and proof of service stating that Plaintiff was served with the answer by mail on November 21, 2016. (ECF No. 37). Plaintiff provides no legal basis for the assertion that default judgment would be appropriate if the damages alleged in the Complaint were reduced. *See* Fed. R. Civ. P. 55. Further, after a defendant has filed an answer, a plaintiff may amend a complaint only with "leave of the court or by written consent of the adverse party." Fed. R. Civ.

P. 15(a). Plaintiff has not sought leave to file an amended complaint reflecting the new damages amount with the Court. To the extent Plaintiff seeks leave to amend in the instant motion, Plaintiff has not complied with the requirements of Civil Local Rule 15.1(b). CivLR 15.1(b) ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading.").

**V. Motion for Default Judgment (ECF No. 89), Motion to Reconsider that Entry of Judgment by Default be Entered Against Defendant Wenner (ECF No. 122), Supplemental Motion to Motion for Entry of Judgment (ECF No. 132)**

Plaintiff has filed a motion (ECF No. 89) and supplemental motion (ECF No. 132) requesting that entry of default judgment be entered against Defendant Wenner pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 89). Plaintiff contends that he was not timely served with an answer (ECF No. 89) and that proof of service "was not even mentioned" in the Answer filed by Defendant Wenner. (ECF No. 132). Plaintiff has additionally filed a supplemental document requesting that the Clerk of Court provide proof of service of the documents filed as docket numbers 78 and 76 in this case and that these documents are removed from the docket. (ECF No. 118 at 7). Plaintiff contends that proof of service associated with docket number 76 is deficient because the wrong case number is listed on the service list page. *Id.*

In opposition, Defendant contends that the Court has previously denied Plaintiff's motions for default judgment and the latest motion for default judgment is not supported by any new facts or law. (ECF No. 119).

Federal Rule of Civil Procedure 60(b) provides that a

> court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo*, 502 U.S. at 383. Further Local Rule 7.1(i) provides that when a party moves the Court for reconsideration of a prior order, the party must identify "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i).

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). Pursuant to Federal Rule of Civil Procedure 12(a), a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a).

This Court has previously denied Plaintiff's requests for entry of default judgment against Defendant Wenner. (ECF No. 37). The Court's prior Order stated,

> Plaintiff's proof of service of the summons states that Defendant Wenner was served by substituted service on October 31, 2016. (ECF No. 12 at 1). Defendant Wenner filed an answer and proof of service stating that Plaintiff was served with the answer by mail on November 21, 2016. (ECF No. 11). The docket reflects that the Clerk of Court has not entered default. Plaintiff's motions for entry of default judgment are denied.

*Id.* Plaintiff's recent motions fails to establish any grounds supporting reconsideration of the Court's prior order denying the motion for default judgment. The record reflects that Defendant Wenner filed an answer and proof of service stating that Plaintiff was served with the Answer by mail on November 21, 2016. (ECF No. 11).

Plaintiff also requests the Court remove the documents filed as docket number 76 and docket number 78 for improper service. (ECF No. 118). Docket number 76 is an Order of the Court and the Court denies the request to remove this document from

the record. Docket number 78 is a "Notice of Order" filed by Defendant Wenner. Attached to this notice, Defendant filed a Proof of Service stating that Plaintiff was served with a true copy of the Notice on August 8, 2017. (ECF No. 78-2). The Court notes that the case number listed on the service list included with the proof of service for this document, the Answer, and other filings by Defendant is incorrect. However, the Court concludes that the proof of service documents indicates that Plaintiff was properly served with copies of the respective filings in this case. Plaintiff's request to strike the documents filed as docket numbers 76 and 78 is denied.[2] (ECF No. 118).

Plaintiff's motion for default judgment, motion to reconsider that default judgment be entered, and supplemental motion are denied. (ECF Nos. 89, 122, 132).

**VI. Motion for Summary Judgment (ECF No. 108)**

On September 11, 2017, Plaintiff filed a motion for summary judgment and requested a hearing date. (ECF No. 108). Plaintiff's motion states in its entirety,

> There is not question; or argument; that Mail Fraud and ADA violations; OCCURRED; Proved by the fact that; even though defendant; still denies; plaintiff's; allegations; His attorney has still; offered no [ZERO] evidence; to prove his innocence. Plaintiff, Prays [the Court] will browse the evidence plaintiff; provided the GCIU Employer Retirement fund; Trustees; for the August 2016; appeal hearing; Letters of Appeal 1,2, and 3; plus the court; request; for green sheets; that was not filed in court; all th previous; were evidence at the appeal hearing. Please also consider considering Exhibits; A-1-A-2 (part 1)(part 2) and (part 3) and G-1 - G-3 - G-4 - AND G-5. Please ENTER; this document on docket sheet; 01/04/2018 or earliest; applicable date.

*Id.* On September 22, 2017, Plaintiff filed a supplemental document to this motion contending that he "cannot find any evidence of any kind; within pages 2 thru 10; that he is not entitled to" summary judgment. (ECF No. 114 at 3). Plaintiff contends that all of the documents he has filed at the clerk's office are admissible evidence. (ECF

---

[2] Plaintiff filed additional motions (ECF Nos. 126, 130) requesting that the Court remove from the record Defendant Wenner's opposition, evidentiary objections, and declaration filed in response to Plaintiff's motion for summary judgment (ECF No. 126); the answer filed by Defendant Wenner (ECF No. 11); the Notice of Order filed by Defendant Wenner (ECF No. 78); and the response in opposition to the motion for entry of default judgment by Defendant Wenner (ECF No. 119) due to the same issues with the case number on the service list page. The motions are denied on the same grounds. (ECF Nos. 126, 130).

1 | No. 128).

2 | In opposition, Defendant contends that the motion fails to establish the absence
3 | of any genuine dispute of material fact, fails to address ERISA, fails to identify the
4 | ground upon which summary judgment is sought, and was not accompanied by a
5 | separate statement of undisputed fact or a memorandum of points and authorities.
6 | (ECF No. 120). Defendant objects to the admissibility of the evidence cited by Plaintiff
7 | on the following grounds: lack of foundation; lack of authentication; lack of personal
8 | knowledge; hearsay; irrelevance; and ambiguous, confusing and misleading. (ECF No.
9 | 120-1).

10 | "A party may move for summary judgment, identifying each claim or defense–or
11 | the part of each claim or defense–on which summary judgment is sought. The court
12 | shall grant summary judgment if the movant shows that there is no genuine dispute as
13 | to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
14 | Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense
15 | and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus.*
16 | *Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The materiality of a fact
17 | is determined by the substantive law governing the claim or defense. *See Anderson v.*
18 | *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317,
19 | 322-24 (1986). The moving party has the initial burden of demonstrating that summary
20 | judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). The
21 | burden then shifts to the opposing party to provide admissible evidence beyond the
22 | pleadings to show that summary judgment is not appropriate. *See Anderson*, 477 U.S.
23 | at 256; *Celotex*, 477 U.S. at 322, 324. The opposing party's evidence is to be believed,
24 | and all justifiable inferences are to be drawn in her favor. *See Anderson*, 477 U.S. at
25 | 255. To avoid summary judgment, the opposing party cannot rest solely on conclusory
26 | allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).
27 | Instead, the nonmovant must designate which specific facts show that there is a genuine
28 | issue for trial. *See Anderson*, 477 U.S. at 256.

Plaintiff brings a cause of action for mail fraud and a violation of the ADA and, as the moving party, also bears the burden of demonstrating that summary judgment is proper as to those claims. The Court concludes that Plaintiff has not satisfied his burden to demonstrate that summary judgment is appropriate as to the mail fraud and ADA claims. Plaintiff's motion for summary judgment is denied. (ECF No. 108).

**VII. Motion for Forfeiture of Case (ECF No. 124)**

On October 11, 2017, Plaintiff filed a document stating "PLAINTIFF, ENTERS; A MOTION FOR FORFEITURE; OF CASE 16-CV-2438; BY DEFENDANT RETROACTIVE TO SEPTEMBER 28, 2016; DUE TO NO ATTORNEY [ADDED] AND DEFENDANT; NOT INDICATING; HE WAS REPRESENTING; HIMSELF. **CivLR 5.2. - Missing Proof of Service** CIVIL LOCAL RULE 7.1(I) [NEW EVIDENCE]." (ECF No. 124). Plaintiff contends that proof of service is "not even mentioned" in Defendant's answer filed on November 21, 2016. *Id.*

Plaintiff does not clearly identify the relief he is requesting from the Court. Further, as previously determined by the Court, Defendant Wenner attached proof of service to his Answer stating that service was completed by mail on November 21, 2016. (ECF No. 11 at 10). The motion is denied. (ECF No. 124).

**VIII. Motion to Increase Demand Amount** (ECF Nos. 136, 140)

Plaintiff filed two motions to increase the demand amount to five million dollars "due to questions regarding; whom pays an unknown amount of; defense legal fees." (ECF Nos. 136, 140). After a defendant has filed an answer, a plaintiff may amend a complaint only with "leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Plaintiff has not sought leave to file an amended complaint reflecting the new damages amount with the Court. To the extent Plaintiff seeks leave to amend in the instant motion, Plaintiff has not complied with the requirements of Civil Local Rule 15.1(b). CivLR 15.1(b). The motions are denied. (ECF Nos. 136, 140).

**IX. CONCLUSION**

IT IS HEREBY ORDERED that the motions filed by Plaintiff are DENIED.

(ECF Nos. 73, 80, 83, 87, 89, 108, 122, 124, 126, 130, 132, 136, 140).

DATED: November 20, 2017

**WILLIAM Q. HAYES**
United States District Judge