1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   LARRY D. KERNS,                        Case No.:  16cv2438-WQH-AGS

12                           Plaintiff,     **ORDER**

13   v.

14   MATHEW J. WENNER,

15                           Defendant.

16   HAYES, Judge:

17          The matters before the Court are the motion to reconsider partial summary judgment

18   (ECF No. 149), the motion to dismiss (ECF No. 154), the motion for exclusion of GCIU

19   Employer Retirement Fund's contract with ERISA (ECF No. 156), the motion to allow

20   Plaintiff to correct exhibits in motion to reconsider partial summary judgment (ECF No.

21   158), and the motion to remove document 165 from the docket (ECF No. 170).

22      **I. BACKGROUND**

23          On September 28, 2016, Plaintiff Larry D. Kerns initiated this action by filing the

24   complaint against Defendants Mathew J. Wenner, Hugh Gaylord, Edward Treacy, Thomas

25

26

27

28

Sarnecki, George Tedeschi, Charles Kamen and John D. Bachler.[1] (ECF No. 1). Plaintiff brings causes of action for mail fraud and violation of the Americans with Disabilities Act ("ADA") and seeks $3,000,000 in punitive damages. Plaintiff allegations relate to Plaintiff's benefits under the GCIU-Employment Retirement Fund. *Id.*

## II. MOTION FOR RECONSIDERATION (ECF No. 149)

On December 29, 2017, Plaintiff filed a motion to reconsider the Court's ruling on a prior motion for summary judgment filed by Plaintiff on the basis of new evidence. (ECF No. 149). Plaintiff contends that new evidence proves that he was eligible for full retirement benefits and that Defendant knew Plaintiff was eligible for full retirement benefits as of July 8, 2010. Plaintiff contends that he has seen this evidence many times but that he "simply did not or could not; comprehend; the evidence (information) on the previous pages; until a few weeks; ago. One of my; Disability, Issues." (ECF No. 149 at 8).

On January 29, 2018, Defendant filed a response in opposition. (ECF No. 165). Defendant contends that Plaintiff fails to provide any new admissible evidence and fails to establish that any new evidence was unavailable when the motion for partial summary judgment was filed. Defendant contends that both the motion for summary judgment and motion for reconsideration fail to address ERISA. Defendant contends that Plaintiff fails to state grounds upon which summary judgment is warranted and fails to establish by admissible evidence that the absence of any genuine dispute of material fact. Defendant states that Plaintiff failed to file a separate statement of undisputed fact in support of his motion for summary judgment and fails to remedy this deficiency in his motion for reconsideration. Defendant files evidentiary objections to the evidence cited by Plaintiff in his motion for reconsideration on the following grounds: lack of foundation; lack of

---

[1] Defendant Mathew Wenner is the only defendant remaining in this action. Defendants Gaylord, Treacy, Sarnecki, Tedeschi, Kamen, and Bachler were dismissed from this action with prejudice. (ECF No. 39).

authentication; lack of personal knowledge; hearsay; irrelevance; and ambiguous, confusing, and misleading evidence. (ECF No. 166).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted)). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* at 880 (quoting *Kona*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Civil Local Rule 7.1(i) provides that when a party moves the Court for reconsideration of a prior order, the party must identify "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i).

On November 20, 2017, the Court denied Plaintiff's motion for summary judgment on the grounds that Plaintiff failed to satisfy his burden to demonstrate that summary judgment was appropriate with respect to either the ADA claim or the mail fraud claim. (ECF No. 145). In this motion for reconsideration, Plaintiff seeks reconsideration of this Order based upon new evidence but concedes that he has seen this purported new evidence "many times." Accordingly, Plaintiff does not establish that the documents are newly-discovered evidence and fails to establish adequate grounds for reconsideration.

Further, evidence provided by a party in support of a motion for summary judgment must be admissible. *See* Fed. R. Civ. P. 56; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("The evidence presented by the parties must be admissible.").

The Ninth Circuit Court of Appeals "has repeatedly held that unauthenticated documents cannot be considered on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). In this case, Plaintiff has failed to properly authenticate his purported new evidence. (ECF No. 149 at 3-6). Thus, the Court would be unable to consider this evidence in support of any motion for summary judgment.

Plaintiff has failed to establish that any reconsideration of the Court's prior order denying his motion for partial summary judgment is warranted. The motion for reconsideration is denied. (ECF No. 149).

### III. MOTION TO DISMISS (ECF No. 154)

On January 10, 2018, Plaintiff filed a motion stating, "IF PLAINTIFF KERNS': MOTION FOR PARTIAL SUMMERY JUDGEMENT; IS GRANTED; WITH AN AWARD OF AT LEAST 2 MILLION DOLLARS; BUT LESS THEN 3 MILLION DOLLARS: PLAINTIFF; LARRY D. KERNS, HEREBY ENTERS A MOTION TO DISMISS; ALL REMAINING ISSUES: **WITHOUT PREJUDICE: DUE TO PLAINTIFF AND PLAINTIFF'S; WIFE'S; HEALTH ISSUES."** (ECF No. 154).

The Court denied Plaintiff's motion for partial summary judgment and Plaintiff's subsequent motion for reconsideration. The motion to dismiss is denied as moot. (ECF No. 154).

### IV. MOTION FOR EXCLUSION OF GCIU EMPLOYER RETIREMENT FUND'S CONTRACT WITH ERISA (ECF No. 156).

On January 19, 2018, Plaintiff filed a motion for exclusion of the GCIU Employer Retirement Fund's Contract with ERISA as irrelevant. Plaintiff fails to provide an adequate legal or factual basis to warrant the exclusion of this document at this stage in the proceedings. The motion is denied without prejudice. (ECF No. 156).

### V. MOTION TO ALLOW PLAINTIFF TO CORRECT AND REPLACE PAGES IN ITS MOTION TO RECONSIDER PARTIAL SUMMARY JUDGMENT (ECF No. 158)

On January 19, 2018, Plaintiff filed a motion requesting that the Court permit him to file replacement pages in support of his motion to reconsider partial summary judgment in the event that Defendant objects to the admissibility of the documents. (ECF No. 158). Plaintiff contends that this should be permitted because otherwise Defendant would be allowed to "Obstruct; plaintiff's Justice." *Id.* at 1.

Plaintiff fails to identify an adequate legal basis for this motion. Further, Plaintiff fails to demonstrate that he could remedy the deficiencies of the evidence objected to by Defendant. The motion is denied. (ECF No. 158).

## VI. MOTION TO REMOVE DOCKET NUMBER 165 FROM THE DOCKET (ECF No. 170).

On January 30, 2018, Plaintiff filed a motion stating, "PLAINTIFF, KERNS; TOTALLY AGREES; WITH DEFENSE; REGARDING DOCKET NO. 166; [BELOW] AND URGES, HONORABLE; JUDGE HAYS; TO GRANT; DEFENDANT'S; REQUEST; BY REMOVING DOCUMENT NUMBER 165; FROM HONORABLE COURT'S DOCKET." (ECF No. 170 at 1).

Docket number 166 is "Defendant Mathew J. Wenner's Evidentiary Objections in Opposition to Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Partial Summary Judgment." (ECF No. 166). Docket number 165 is "Defendant Mathew J. Wenner's Opposition to Plaintiff's Motion for Reconsideration (ECF No. 149) of Plaintiff's Motion for Partial Summary Judgment (ECF No. 108)." (ECF No. 165). Plaintiff fails to identify any statement by Defendant requesting that the Court remove Document 165 from the docket. The motion is denied. (ECF No. 170).

## VII. CONCLUSION

IT IS HEREBY ORDERED that the motion to reconsider partial summary judgment (ECF No. 149), the motion to dismiss (ECF No. 154), the motion for exclusion of GCIU Employer Retirement Fund's contract with ERISA (ECF No. 156), the motion to allow Plaintiff to correct exhibits in motion to reconsider partial summary judgment (ECF No.

158), and the motion to remove document 165 from the docket (ECF No. 170) filed by Plaintiff Larry D. Kerns are DENIED.

Dated: May 7, 2018

Hon. William Q. Hayes
United States District Court