# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. KERNS,<br><br>              Plaintiff,<br><br>v.<br><br>MATHEW J. WENNER,<br><br>              Defendant. | Case No.: 16cv2438-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion for reconsideration (ECF No. 196), the motion demanding redaction (ECF No. 198), and the motion demanding that pretrial conference schedule be resumed (ECF No. 200) filed by Plaintiff Larry D. Kerns.

**I. BACKGROUND**

On September 28, 2016, Plaintiff Larry D. Kerns initiated this action by filing the complaint against Defendants Mathew J. Wenner, Hugh Gaylord, Edward Treacy, Thomas Sarnecki, George Tedeschi, Charles Kamen and John D. Bachler. (ECF No. 1). Plaintiff brings causes of action for mail fraud and violation of the Americans with Disabilities Act ("ADA") and seeks $3,000,000 in punitive damages. Plaintiff's allegations relate to Plaintiff's benefits under the GCIU-Employment Retirement Fund. *Id.* Defendant Mathew Wenner ("Defendant") is the only defendant remaining in this action. (ECF No. 39).

///

## II. MOTION FOR RECONSIDERATION (ECF No. 196)

On May 15, 2018, Plaintiff filed a motion "for reconsideration of previous reconsiderations for default judgment." (ECF No. 196). Plaintiff's motion does not clearly explain his grounds for reconsideration or specifically identify which Orders he challenges. Plaintiff appears to contend that he is entitled to default judgment because (1) Defendant failed to timely serve his answer to the Complaint, (2) Defendant listed the wrong number on proof of service documentation, and (3) Defendant failed to file proof of service of the motion for summary judgment. (ECF No. 196).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted)). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* at 880 (quoting *Kona*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Civil Local Rule 7.1(i) provides that when a party moves the Court for reconsideration of a prior order, the party must identify "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i).

The Court has previously denied multiple motions in which Plaintiff seeks default judgment. (ECF Nos. 37, 145). Plaintiff's renewed motion repeats arguments made in prior motions and fails to provide any grounds justifying reconsideration of the Court's prior orders denying default judgment or denying reconsideration of the denial of default

judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"). The motion for reconsideration is denied. (ECF No. 196).

### III. MOTION DEMANDING REDACTION (ECF No. 198)

On May 21, 2018, Plaintiff filed a motion titled "PLAINTIFF; DEMANDS; REDACTION; FROM DENIED TO GRANTED: 08/07/2017." (ECF No. 198). Plaintiff contends that the August 7, 2017 Order of the Court denying his motion to exclude all ERISA rules and regulations should be altered to grant his motion. Plaintiff contends that his motion should have been granted because Defendant failed to file proof of service of his opposition and therefore failed to oppose Plaintiff's motion.

Defendant filed an opposition to Plaintiff's motion to exclude all ERISA rules and regulations. (ECF No. 49). The docket reflects that Defendant did not attach any proof of service to the filing. *Id.* However, Plaintiff filed a reply to Defendant's response in opposition indicating that he did receive a copy of Defendant's response. *See* ECF No. 55. Further, Plaintiff fails to provide any authority establishing that the Court is required to grant any motion that is unopposed. The Local Civil Rules provide only that, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure *may* constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c) (emphasis added). Upon review, the Court concludes that it properly denied Plaintiff's motion to exclude ERISA rules and regulations. (ECF No. 76). Plaintiff's motion demanding redaction is denied. (ECF No. 198).

### IV. MOTION DEMANDING THAT PRETRIAL CONFERENCE SCHEDULE BE RESUMED (ECF No. 200)

On May 4, 2018, the Court entered an Order allowing Plaintiff an additional opportunity to respond to Defendant's pending motion for summary judgment. The Court stated in part,

> IT IS FURTHER ORDERED that the Pretrial Conference scheduled for May 18, 2018 is VACATED. The May 11, 2018 deadline to submit the proposed

> final pretrial conference order is VACATED. (ECF No. 105). The Court will re-schedule any necessary dates related to the pretrial conference upon resolution of the pending motion for summary judgment.

(ECF No. 191). The motion for summary judgment remains pending before the Court. (ECF No. 152).

On May 21, 2018, Plaintiff filed a motion demanding that the pretrial conference schedule be resumed "due to ERISA rules and regulations; being excluded; from case No 3:16 cv 2438; by federal law (rule). As well as impropri[e]ties; regarding proof of service; of Defendant's motion for sum[ar]y judgment (Judge made untrue statement)" (ECF No. 200). The motion is denied. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation."); *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules*, 146 F.3d 1071, 1074 (9th Cir.1998) (recognizing the district court's "inherent authority to control its dockets"). The Court will reset the pretrial conference as necessary following its ruling on the pending motion for summary judgment.

IT IS HEREBY ORDERED THAT the motion for reconsideration, the motion demanding redaction, and the motion demanding that the pretrial conference schedule be resumed are DENIED. (ECF Nos. 196, 198, 200).

Dated: June 22, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court