

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. KERNS,<br><br>                    Plaintiff,<br>v.<br><br>MATHEW J. WENNER,<br><br>                    Defendant. | Case No.: 16cv2438-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion for summary judgment filed by Defendant Mathew Wenner. (ECF No. 152).

**I. BACKGROUND**

On September 28, 2016, Plaintiff Larry D. Kerns initiated this action by filing a Complaint against Defendants Mathew J. Wenner, Hugh Gaylord, Edward Treacy, Thomas Sarnecki, George Tedeschi, Charles Kamen, and John D. Bachler. (ECF No. 1). Plaintiff brings causes of action for mail fraud and a violation of the Americans with Disabilities Act ("ADA") and seeks $3,000,000 in punitive damages. The allegations of the Complaint relate to Plaintiff's benefits under a Retirement Benefit Plan of the GCIU-Employment Retirement Fund. *Id.* Defendants Gaylord, Treacy, Sarnecki, Tedeschi, Kamen, and Bachler were dismissed from this action with prejudice. (ECF No. 39). Defendant Mathew Wenner ("Defendant") is the only defendant remaining in this action.

On January 18, 2018, Defendant filed a motion for summary judgment. (ECF No. 152). On January 22, 2018, Defendant filed a certificate of service of the motion for summary judgment asserting that service was completed by mail and email on January 22, 2018. (ECF No. 159).

On January 24, 2018, Plaintiff filed a letter in response to the motion for summary judgment. (ECF No. 161). Plaintiff asserted that the motion was untimely because Defendant failed to file proof of service with the motion and missed the January 19, 2018 filing deadline set in the Court's Scheduling Order (ECF No. 105).

On February 15, 2018, Defendant filed a reply in support of the motion for summary judgment. (ECF No. 176). Defendant asserted that service was not completed on the same day the motion was filed because an employee at defense counsel's firm "did not realize that Plaintiff could not be served via the court's ECF system." (ECF No. 176-1 at 3).

On February 21, 2018, Plaintiff filed an objection to Defendant's reply. (ECF No. 178). Plaintiff reasserts his position that "Defendant's motion for sum[a]ry judgement; [sic] did not; and has not; met proof of service, required by; Local Civil Rule 5.4 Electronic Case Filing; (c); on or before; the 1/19/2018, deadline for filing motions." (ECF No. 178 at 1).

On May 4, 2018, the Court entered an Order stating in part:

> Defendant filed the motion for summary judgment prior to the Court's January 19, 2018 deadline and submits sufficient evidence to establish that the short delay in completing service of the motion was inadvertent. The Court will consider the motion for summary judgment to be timely filed and will rule on the substantive arguments raised in the motion. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"). However, the Court will provide Plaintiff the opportunity to file another response to Defendant's motion for summary judgment which addresses the substantive issues raised by Defendant.
>
> **IT IS HEREBY ORDERED that Plaintiff shall file any response in opposition to the motion for summary judgment on or before May 17, 2018. Defendant shall file any reply on May 24, 2018.**

(ECF No. 191).

On May 15, 2018, Plaintiff filed a response in opposition to the motion for summary judgment. (ECF No. 194).

On May 24, 2018, Defendant filed a reply. (ECF No. 203).

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in his favor. *See Anderson*, 477 U.S. at 255. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

## III. CONTENTIONS

Defendant contends that "Plaintiff's claims relate to the Retirement Benefit Plan of the GCIU Employer Retirement Fund, which is governed [by] the Employee Retirement Income Security Act ("ERISA")." (ECF No. 152 at 2). Defendant contends that he is

3

16cv2438-WQH-AGS

entitled to summary judgment because ERISA provides the exclusive remedy available to Plaintiff and Plaintiff has already recovered the maximum relief allowable under ERISA for a delay in receiving a benefit. *Id.* Defendant asserts that Plaintiff cannot recover punitive damages under ERISA. Defendant contends that Plaintiff cannot "plead around the **exclusive** nature of ERISA's civil enforcement scheme" by characterizing his claims as mail fraud and violations of the Americans with Disabilities Act. (ECF No. 152-1 at 2).

Plaintiff contends that "there is a genuine dispute and the ERISA; does not even come close; to Superseding; any FEDERAL LAW; or have any exclusive; right to do anything but; "Get First Dibs"; they forfeited their First Dibs, by their own choice." (ECF No. 194) at 3. Plaintiff contends that all federal law, including mail fraud "will continue to be applicable to any victim." *Id.* Plaintiff attaches copies of numerous documents to his response in opposition, including publications from the National Criminal Justice Reference Service and an article from the Cornell Law Review.[1]

## IV. FACTS

Defendant provides a declaration by Mathew Wenner and a Memorandum of Action on Appeal from the Board of Trustees of the GCIU-Employer Retirement Fund to establish the following undisputed facts. Plaintiff is a participant in the Retirement Benefit Plan of the GCIU-Employer Retirement Fund. (Wenner Decl., ECF No. 152-3 at 2). The Retirement Benefit Plan is a "multiemployer defined benefit plan governed by . . . ERISA 29 U.S.C. Section 1001 et seq." (Memo of Action from Trustees of the GCIU Retirement Benefit Plan, ECF No. 152-4 at 3). It provides "retirement benefits (service retirement benefits – early or normal – and disability retirement benefits)" to eligible participants in the Graphic Communications Industry. *Id.* Defendant is "employed by the Benefit

---

[1] The Court has previously considered and ruled on Plaintiff's objections related to the service of Defendant's motion for summary judgment. (ECF No. 191). Accordingly, the Court does not address the parties' contentions on this issue.

4

Programs Administrator and [is] the Administrator of the GCIU Retirement Plan." (Wenner Decl., ECF No. 152-3 at 2).

The Board of Trustees of the GCIU-Employer Retirement Fund reviews appeals requested by participants or beneficiaries and issues decisions affirming, modifying, or setting aside the decision or action being appealed. (Memo of Action from Trustees of the GCIU Retirement Benefit Plan, ECF No. 152-4 at 3). On February 8, 2016, Plaintiff submitted a "signed Application for Retirement – Part I" to the Administrative Office of the GCIU-Employer Retirement Fund" and requested "a disability retirement benefit." *Id.* at 2. The Administrative Office denied his request on March 25, 2016 after concluding that Plaintiff was not entitled to a disability retirement benefit. *Id.* at 2, 6–8. The denial letter "indicated that the response served as a benefit claim denial under ERISA Section 503, 29 U.S.C. Section 1133" and advised Plaintiff of his appeal rights under the Retirement Plan. *Id.* at 2. Plaintiff appealed the denial of his request for a disability retirement benefit on April 9, 2016. *Id.* On August 16, 2016, the Board of Trustees affirmed the Administrative Office's decision that Plaintiff was not entitled to a disability retirement benefit under the Retirement Plan. *Id.* at 7. However, the Board of Trustees determined that Plaintiff was "entitled to a Service Retirement Benefit" under the Retirement Plan. *Id.* The decision of the Board of Trustees stated that Plaintiff "is, however, awarded an early retirement benefit retroactive to October 1, 2003, with interest, in accordance with the provisions of the Retirement Plan." *Id.* at 8; *see also* Wenner Decl., ECF No. 152-3 at 2. "Plaintiff was then paid his normal service retirement benefits retroactively as awarded in the Memorandum of Action, and he has been and is continuing to be paid his monthly service retirement benefit." (Wenner Decl., ECF No. 152-3 at 2).

**III. ANALYSIS**

ERISA comprehensively regulates employee welfare benefit plans "maintained for the purpose of providing for its participants . . . through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1). ERISA

comprehensively regulates employee pension benefit plans "established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program . . . provides retirement income to employees." 29 U.S.C. § 1002(2)(A)(i).

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). ERISA "provide[s] a uniform regulatory regime over employee benefit plans" through its "integrated enforcement mechanism," ERISA § 502, 29 U.S.C. § 1132(a).[2] *Id.*

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Russell, supra,* at 146, 105 S.Ct., at 3092 (emphasis in original).

---

[2] ERISA includes "expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health*, 542 U.S. at 208 (citing *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "A state law claim is preempted by ERISA if it has a 'connection with' or a 'reference to' an ERISA-governed benefit plan." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (citing *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). Plaintiff does not bring any state law claims in his Complaint.

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). "ERISA's civil enforcement provision outlines the possible claims by a participant or beneficiary." *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1008 (9th Cir. 1998), *as amended* (Aug. 3, 1998) (citing 29 U.S.C. § 1132; ERISA § 502(a)).

Under ERISA, a participant or beneficiary to an ERISA-regulated plan may bring a civil action: (1) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan," 29 U.S.C. § 1132(a)(1)(B); (2) for a breach of fiduciary duties, 29 U.S.C. § 1132(a)(2), or; (3) or to enjoin violations of ERISA or terms of the plan or to obtain other appropriate equitable relief, 29 U.S.C. § 1132(a)(3). *See also Bast*, 150 F.3d at 1008. However, "[e]xtracontractual, compensatory and punitive damages are not available under ERISA." *Id.* at 1109 (citing *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)); *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986)).

Plaintiff seeks relief based on the denial of benefits owed to him under the Retirement Benefit Plan of the GCIU Employer Retirement Fund between 2003 and 2016. Plaintiff seeks three million dollars in punitive damages from Defendant, the administrator of the Retirement Plan, based on the delay in receiving his benefit under the Retirement Plan. It is undisputed that Retirement Benefit Plan is regulated under ERISA. Accordingly, Plaintiff's request for relief for the delay in receiving certain benefits under his ERISA-regulated Retirement Plan arises under ERISA.

Plaintiff, a participant in an ERISA-regulated plan, cannot recover punitive damages in this civil suit as a matter of law. *See Bast*, 150 F.3d at 1109; *Russell*, 473 U.S. at 148 ("Thus, the relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims."); *Concha v. London*, 62 F.3d 1493, 1504 (9th Cir. 1995) ("[T]he Supreme Court held that relief under ERISA section 1132(a)(3) is limited to remedies available in equity, such as injunction, mandamus, and

restitution. Such relief does not include compensatory or punitive damages."). Under ERISA and binding authority from the Supreme Court of the United States and Ninth Circuit Court of Appeals, Plaintiff cannot recover punitive damages from the administrator of the Retirement Plan based on his delay in receiving benefits under the Retirement Plan.

Alternatively, Defendant is entitled to summary judgment as a matter of law on Plaintiff's claims for mail fraud and a violation of the ADA. Plaintiff asserts that the communications related to the delay in receiving his benefits under the Retirement Plan support a mail fraud cause of action under 18 U.S.C. § 1341. (ECF No. 1; ECF No. 194 at 7, 30). However, the criminal mail fraud statute does not provide authority for a private cause of action. *See Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (citing *Wilcox v. First Int'l Bank of Oregon*, 815 F.2d 522, 533 n.1 (9th Cir. 1987)) ("Ross had no separate private right of action for mail fraud under 18 U.S.C. § 1341."). With respect to the ADA claim, Plaintiff asserts that he has suffered a brain injury and is disabled but provides no admissible evidence to support a cause of action under the ADA. 42 U.S.C. §§ 12101 *et seq*. Plaintiff does not identify a Title of the ADA supporting a cause of action against Defendant, the administrator of the GCIU Retirement Fund. Further, Plaintiff fails to provide any admissible evidence to establish that the conduct of Defendant violated any provision of the ADA.

The Court concludes that Defendant is entitled to summary judgment as a matter of law on all claims.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion for summary judgment is GRANTED. (ECF No. 152). The Clerk of Court is directed to enter judgment on behalf of Defendant Wenner and against Plaintiff as to all claims.

DATED: 7/27/18

**WILLIAM Q. HAYES**
United States District Judge